UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDRA VYENIELO, | : | **CIVIL NO. 1:08-CV-01301** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Smyser) |
| SAIC, INC. t/d/b/a SCIENTIFIC APPLICATIONS INTERNATIONAL CORPORATION, | : | |
| Defendant | : | |

### **REPORT AND RECOMMENDATION**

The plaintiff, Sandra Vyenielo, commenced this action by filing a complaint on July 9, 2008. The defendant, SAIC, Inc. t/d/b/a Scientific Applications International Corporation, is the plaintiff's employer. The plaintiff claims that the defendant discriminated and retaliated against her in violation of the Age Discrimination in Employment Act, Title VII and the Americans with Disabilities Act.

On August 20, 2008, the defendant filed a motion to compel arbitration and to dismiss the action or, in the alternative, to stay the action. On August 28, 2008, the defendant filed a brief in support of that motion.

The plaintiff did not file a brief in opposition to the motion to compel arbitration. However, on October 16, 2008, the plaintiff filed a motion to continue the case management conference asserting *inter alia* that "the parties have reached

a tentative agreement regarding the issue of arbitration, but do not have all matters resolved." *Doc. 6 at ¶4.* The motion requested that the case management conference be continued for ninety days in order for the parties to finalize an agreement on referring the matter to arbitration. The defendant concurred in the motion to continue the case management conference. By an order dated October 16, 2008, the case management conference was continued to January 16, 2009.

By an Order dated October 24, 2008, it was ordered that the plaintiff shall, on or before November 7, 2008, either: 1) file a notice of voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i) if the defendant's motion to dismiss is not opposed; or 2) file a brief in opposition to the defendant's motion. Later, on October 24, 2008, the plaintiff filed a document entitled "Plaintiff's Response to Defendant's Motion to Compel Arbitration." In that document, the plaintiff states that she consents to the defendant's motion to compel arbitration to the extent that the defendant seeks a stay of the proceedings before the court pending the outcome of arbitration.

On October 28, 2008, the defendant filed a document entitled "Defendant's Statement in Further Support of Dismissal." In this document, the defendant states that all of the plaintiff's claims are subject to arbitration and, therefore, there is no legal or practical reason for this case to remain pending on the court's docket. Accordingly, the defendant requests that

2

its motion to compel arbitration be granted and that the case be dismissed rather than stayed. On November 19, 2008, the defendant filed a document entitled "Defendant's Second Statement in Further Support of Dismissal." In this document, the defendant reiterates its contention that its motion to compel arbitration should be granted and that the case should be dismissed.

"The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, provides that arbitration agreements are 'enforceable to the same extent as other contracts,' and 'establishes a strong federal policy in favor of the resolution of disputes through arbitration.'" *Morales v. Sun Constructors, Inc.*, 541 F.3d 218, 221 (3d Cir. 2008)(quoting *Alexander v. Anthony Intern., L.P.,* 341 F.3d 256, 263 (3d Cir. 2003)). "When adjudicating a motion to compel arbitration, the court must address two issues: (1) whether the parties have entered into a valid, written agreement to arbitrate, and (2) whether the dispute in question falls within the scope of that agreement." *Oyler v. Financial Independence & Resource Educ.,* Civil Action No. 1:07-CV-0982, 2008 W.L. 275729 at *2 (M.D.Pa. Jan. 30, 2008)(Conner, J.).

The plaintiff and the defendant executed a "Mutual Agreement to Arbitrate Claims." *Doc. 2-2.* Regarding the claims covered, the agreement to arbitrate provides:

> SAIC and Employee will settle by arbitration all statutory, contractual and/or common law claims or controversies ("claims") that SAIC may have against Employee, or that Employee may have against SAIC or any of its officers, directors, employees or agents in their

3

>    capacity as such or otherwise.  Claims subject to
>    arbitration include (i) claims for discrimination
>    (including, but not limited to, age, disability, marital
>    status, medical condition, national origin, race,
>    retaliation, sex, sexual harassment or sexual
>    orientation); (ii) claims for breach of any contract or
>    covenant (express or implied); (iii) claims for
>    violation of any federal, state or other governmental
>    law, statute, regulation or ordinance; and (iv) tort
>    claims (including, but not limited to, negligent or
>    intentional injury, defamation and termination of
>    employment in violation of public policy).

*Id.* at ¶1.

The agreement to arbitrate is in writing.  The plaintiff does not challenge the agreement to arbitrate.  Therefore, there is no basis to conclude other than that the agreement to arbitrate is valid.  The plaintiff's claims in this case clearly fall with the scope of the agreement to arbitrate.  Accordingly, we will recommend that the motion to compel arbitration be granted.

The remaining question is whether the case should be dismissed or stayed.

9 U.S.C. § 3 provides:

>    If any suit or proceeding be brought in any of
>    the courts of the United States upon any issue referable
>    to arbitration under an agreement in writing for such
>    arbitration, the court in which such suit is pending,
>    upon being satisfied that the issue involved in such
>    suit or proceeding is referable to arbitration under
>    such an agreement, shall on application of one of the
>    parties stay the trial of the action until such
>    arbitration has been had in accordance with the terms of
>    the agreement, providing the applicant for the stay is
>    not in default in proceeding with such arbitration.

The Third Circuit has held that even where all of the claims are subject to arbitration the plain language of 9 U.S.C. § 3 "affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration." *Lloyd v. Hovensa, LLC.,* 369 F.3d 263, 269 (3d Cir. 2004).  The plaintiff in this case requests a stay.  Therefore, it will be recommended that the case be stayed pending arbitration.

Based on the foregoing, it is recommended that the defendant's motion (doc. 2) to compel arbitration and to dismiss or, in the alternative, to stay the action be granted in part to the extent that the court should grant the motion to compel arbitration and should stay the case pending completion of arbitration.

                                              **/s/ J. Andrew Smyser**
                                              J. Andrew Smyser
                                              Magistrate Judge

Dated:  November 21, 2008.