IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SANDRA VYENIELO**, | : | CIVIL ACTION NO. 1:08-CV-01301 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SAIC, INC., t/d/b/a** | : | |
| **SCIENTIFIC APPLICATIONS** | : | |
| **INTERNATIONAL CORPORATION**, | : | |
| | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 22nd day of January, 2009, upon consideration of the report of the magistrate judge (Doc. 12), to which no objections were filed, recommending that the motion to dismiss (Doc. 2) or, in the alternative, to compel arbitration and stay the litigation, which was filed by defendant pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, be granted, and, following an independent review of the record, it appearing that the plaintiff has manifested an intention to be bound by the agreement (see Doc. 2, Ex. A), that the agreement's terms are sufficiently definite for enforcement (see id.), and that there was consideration for the agreement (see id.), see Blair v. Scott Specialty Gases, 283 F.3d 595, 603 (3d Cir. 2002) (holding that a court assessing the validity of an arbitration agreement "must look to: (1) whether both parties manifested an intention to be bound by the agreement; (2) whether the terms of the agreement are sufficiently definite to be enforced; and (3) whether there was consideration" (quoting ATACS Corp. v. Trans World Commc'ns, Inc., 155 F.3d 659, 666 (3d Cir. 1998))), and it further appearing

that each of the claims raised in plaintiff's complaint (Doc. 1) are covered by the arbitration agreement (see Doc 2, Ex. A), see 9 U.S.C. §§ 2-4; Oyler v. Fin. Independence Res. Educ., Civ. A. No. 1:07-CV-0982, 2008 WL 275729, at *2 (M.D. Pa. Jan. 30, 2008) ("When adjudicating a motion to compel arbitration, the court must address two issues: (1) whether the parties have entered into a valid, written agreement to arbitrate, and (2) whether the dispute in question falls within the scope of that agreement."), and that plaintiff consents to the motion to compel arbitration to the extent that the litigation is stayed pending the outcome of arbitration (see Doc. 9), see Lloyd v. Hovensa, LLC., 369 F.3d 263, 269 (3d Cir. 2004) ("[T]he plain language of [9 U.S.C.] § 3 affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration."), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 12) is ADOPTED.

2. The motion to compel arbitration (Doc. 2) is GRANTED to the extent that these proceedings are STAYED pending arbitration.

3. The above-captioned matter is REMANDED to the magistrate judge for further case management proceedings.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge